IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PHILLIP J. FINK, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MERIT ENERGY COMPANY, LLC,<br><br>　　　　　　　　　　　　　　Defendant. | Civil Action No. _____ |

## CLASS ACTION COMPLAINT

Plaintiff Phillip J. Fink brings this class action on behalf of himself and others similarly situated against Defendant Merit Energy Company, LLC ("Defendant" or "Merit") and alleges and states as follows:

## SUMMARY OF ACTION

1. Plaintiff and the Class members are royalty owners under oil-and-gas leases and in wells subject to a class action settlement from *Littell v. OXY USA, Inc.,* No. 98-CV-51 (Kan. Dist. Ct. Stevens Cnty.) ("*Littell* Settlement"). A copy of the *Littell* Settlement is attached as **Exhibit 1**.

2. The *Littell* Settlement contains "go-forward" provisions that control whether Oxy and its successors and assigns, including Merit, may deduct from Plaintiff's and the Class members' royalty the costs of certain services to prepare the gas for market. Specifically, the *Littell* Settlement does not allow Merit to deduct Gathering Charges in excess of $0.15/MMBtu, and it bars the deduction of Fuel Costs, as those terms are defined in the *Littell* Settlement.

3. After *Littell*, Oxy faced multiple class actions alleging improper cost deductions from royalty, including Gathering Charges and Fuel Costs under the *Littell* Settlement.. After class certification was upheld by the Kansas Court of Appeals, Oxy settled the class cases. *Cooper Clark*

*Foundation v. Oxy USA Inc.,* 58 Kan. App. 2d 335, 469 P.3d 1266 (2020), *rev. denied* (Nov. 24, 2020).

4.  Merit purchased Plaintiff's and the Class members' leases and wells from Oxy in 2014. Merit has deducted and continues to deduct from Plaintiff's and the Class members royalty Gathering Charges in excess of $0.15/MMBtu and Fuel Costs in breach of the *Littell* Settlement. This action seeks to recover the royalties underpaid because of those deductions.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction over the claims asserted in this complaint pursuant to 28 U.S.C. § 1332(d) because the proposed class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million.

6.  Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

7.  Plaintiff Phillip J. Fink is a resident of Kansas. Plaintiff owns a royalty interest in at least six wells in Kansas, including the Baughman 01 and 02, Ellis B2, Smith 01 and 02, and Williams J1 wells. Defendant operates the wells, markets the production, and pays royalties to Plaintiff. Plaintiff is the lessor and Defendant is the lessee under the leases pertaining to the wells.

8.  Defendant Merit Energy Company, LLC is a limited liability company organized under Delaware law with its principal place of business in Texas. Merit is authorized to do business in the State of Kansas and currently does business in the State of Kansas. Merit can be served by serving Corporation Service Company, 1100 SW Wanamaker Drive, Suite 103, Topeka, Kansas 66604.

9.  The acts charged in this Class Action Petition as having been done by Defendant were authorized, ordered, or done by officers, agents, affiliates, employees, or representatives while

actively engaged in the management of Defendant's business or affairs and within the scope of their employment or agency with Defendant.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action on behalf of himself and as a class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons who are royalty owners under leases or in wells subject to the class action settlement in *Littell v. OXY USA, Inc.,* No. 98-CV-51 (Kan. Dist. Ct. Stevens Cnty.) ("*Littell* Settlement") where Defendant was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from May 1, 2014, to the date Class Notice is given, and whose royalty payments were reduced by a Gathering Cost in excess of the $0.15/MMBtu or a Fuel Cost as those terms are defined in the *Littell* Settlement .
>
> Excluded from the Class are: (1) Defendant, its affiliates, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Kansas; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); and (4) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing.

11. The members of the Class are so numerous and geographically dispersed that joinder of all members is impracticable. There are thousands of Class Wells and, with one or more royalty owners in each well, thousands of Class Members residing in multiple states. Defendant has in its possession or control records that identify all persons to whom it has paid royalties during the Class Period.

12. The questions of fact or law common to Plaintiff and the Class include, without limitation, one or more of the following:

   a. Whether Defendant is bound by the *Littell* Settlement;

   b. Whether Defendant deducted Gathering Charges in excess of $0.15/MMBtu from Plaintiff's and the Class members' royalty payments;

   c. Whether Defendant deducted Fuel Costs from Plaintiff's and the Class members' royalty payments; and

        d. Whether Defendant breached the *Littell* Settlement by deducting Gathering Charges or Fuel Costs from Plaintiff's and the Class members' royalty payments.

13. Plaintiff is typical of other Class members because he is a royalty owner under leases and in wells subject to the *Littell* Settlement and Merit pays his royalty using a common method.

14. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff is a royalty owner to whom Merit pays royalty. Plaintiff understands his duties as Class representative. Plaintiff has retained counsel competent and experienced in class action and royalty owner litigation.

15. This action is properly maintainable as a class action. Common questions of law or fact exist as to all members of the Class, and those common questions predominate over any questions solely affecting individual members of the Class. *See supra*, ¶ 12. There is no need for individual Class members to testify to establish Merit's liability or damages sustained by Plaintiff and members of the Class.

16. Class action treatment is appropriate here and is superior to the alternative of numerous individual lawsuits by members of the Class. Class action treatment will allow a large number of similarly situated individuals to prosecute their common claims in a single forum, simultaneously, efficiently, and without duplication of time, expense, and effort on the part of those individuals, witnesses, the courts, and/or Merit. Likewise, class action treatment will avoid the possibility of inconsistent and/or varying results arising out of the same facts. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action and no superior alternative forum exists for the fair and efficient adjudication of the claims of all Class members.

17. Class action treatment here is further superior to the alternative of numerous individual lawsuits by all or some members of the Class. Joinder of all Class members would be either highly impracticable or impossible. And the amounts at stake for individual Class members, while significant in the aggregate, would be insufficient to enable them to retain competent legal counsel to pursue claims individually. In the absence of a class action in this matter, Merit will likely retain the benefit of its wrongdoing.

## COUNT I – BREACH OF *LITTELL* SETTLEMENT

18. The allegations set forth above are incorporated herein by reference.

19. The *Littell* Settlement is a valid, written contract binding upon Plaintiff and the Class members and Merit.

20. Merit breached the terms of the *Littell* Settlement by deducting from Plaintiff's and the Class members' royalty payments Gathering Charges in excess of $0.15/MMBtu and Fuel Costs, thus underpaying royalties due to Plaintiff and the Class members.

21. As a result of Merit's breaches, Plaintiff and the Class members have been damaged through underpayment of the actual amounts due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class seek:

1. An order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Defendant to pay Plaintiff and all Class members' actual damages to fully compensate them for losses sustained as a direct, proximate, and/or producing cause of Defendant's breaches, with interest at the highest allowable rate at law or equity; and

3. An order granting Plaintiff and the Class the costs and expenses of prosecuting this action together with reasonable attorney's fees out of the common fund recovery; and

4. Such costs and other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all matters so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial.

Dated: January 22, 2024.                Respectfully submitted,

*/s/ Rex A. Sharp*
Rex A. Sharp, KS #12350
Scott B. Goodger, KS #26480
Nathan A. Kakazu, KS #28276
Hammons P. Hepner, KS #29138
SHARP LAW, LLP
4820 W. 75th St.
Prairie Village, KS 66208
Telephone: (913) 901- 0505
Facsimile: (913) 901-0419
rsharp@midwest-law.com
sgoodger@midwest-law.com
nkakazu@midwest-law.com
hhepner@midwest-law.com

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**