## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PHILLIP J. FINK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 24-2028-KHV |
| MERIT ENERGY COMPANY, LLC, | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER

On January 22, 2024, Phillip J. Fink, individually and on behalf of others similarly situated, brought suit against Merit Energy Company, LLC.  In his First Amended Class Action Complaint (Doc. #3) filed February 14, 2024, plaintiff alleges that defendant underpaid royalty owners and breached the implied duty to market under Kansas law.  This matter is before the Court on Merit's Motion To Transfer To First-Filed Judge (Doc. #8) filed March 5, 2024.  For reasons stated below, the Court sustains defendant's motion.

### Legal Standards

In the District of Kansas, intra-district transfer is governed by Local Rule 40.1.  This rule allows a judge to "transfer [a] case to another judge who consents to such transfer" when the judge has "the approval of the chief judge" and a transfer is "[i]n the interest of justice or to further the efficient disposition of the business of the court."  D. Kan. Rule 40.1.

Based on principles of comity and judicial economy, the so-called "first-filed" rule provides that "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."  Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982); see also US Telecom, Inc. v. 535 Live, Inc., No. 91-2281-L, 1992 WL

134156, at *1 (D. Kan. May 14, 1992) (comity and judicial economy dictate first-filed rule).  The first-filed rule applies where a complaint raises substantially overlapping issues against similar parties as a previous complaint filed in another court.  Ad Astra Recovery Servs., Inc. v. Heath, No. 18-1145-JWB, 2019 WL 917018, at *2 (D. Kan. Feb. 21, 2019).  When determining whether the first-filed rule applies, courts consider (1) the chronology of the actions, (2) the similarity of the parties involved and (3) the similarity of the issues at stake.  Id.  Although the rule typically arises when the second action is filed in another district, the rule also applies to two actions filed in the same district.  See Save Power Ltd. v. Syntek Fin. Corp., 121 F.3d 947, 950 (5th Cir. 1997) (first-filed rule applies where related cases are pending before two judges in same district); Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (first-filed rule not limited to cases brought in different districts).

## Procedural Background

The motion before the Court stems from several cases, which the Court highly summarizes.[1]  On April 10, 2023, plaintiff, on behalf of a putative class of royalty owners in gas-producing wells in Kansas, first filed suit against Merit in the District Court of Morton County, Kansas, alleging breach of lease.  See Class Action Petition, Fink v. Merit Energy Co., LLC ("Fink I"), No. 23-1088 (D. Kan.) ECF Doc. 1-1.  On May 12, 2023, Merit removed the case to federal court, which assigned it to the Honorable John W. Broomes.  See Notice Of Removal, Fink I, No.

---

[1]       A court may take judicial notice of its own records as well as records of other courts, particularly in closely related cases.  Hutchinson v. Hahn, 402 F. App'x 391, 394–95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979)).

For purposes of defendant's motion to transfer, which argues that the Court should transfer this case to the Honorable John W. Broomes based on plaintiff and plaintiff's counsel's conduct in related cases, the Court reviewed the record in those cases and has cited the relevant filings, many of which the parties attached as exhibits to their memoranda on the motion before the Court.

23-1088 (D. Kan.) ECF Doc. 1.  That same day, plaintiff voluntarily dismissed the case.  <u>See</u> Notice Of Rule 41(a)(1)(A)(i) Voluntary Dismissal Without Prejudice, <u>Fink I</u>, No. 23-1088 (D. Kan.) ECF Doc. 7.

Also in April of 2023, plaintiff's counsel filed suit against Merit on behalf of plaintiff Cooper-Clark Foundation, individually and on behalf of others similarly situated, in the District Court of Grant County, Kansas, alleging similar grounds (breach of lease for underpayment of gas royalties).  <u>See</u> Class Action Petition, <u>Cooper-Clark Fdn. v. Merit Energy Co., LLC</u> ("<u>Cooper-Clark</u>"), No. 23-1097 (D. Kan.) ECF Doc. 1-1.  On May 22, 2023, Merit removed the case to federal court.  <u>See</u> Notice Of Removal, <u>Cooper-Clark</u>, No. 23-1097 (D. Kan.) ECF Doc. 1.  The court initially assigned the case to the Honorable Julie A. Robinson.  On November 21, 2023, the case was reassigned to Judge Broomes.  <u>See</u> Minute Order Reassigning Case, <u>Cooper-Clark</u>, No. 23-1097 (D. Kan.) ECF Doc. 32.  On November 27, 2023, Cooper-Clark moved for voluntary dismissal without prejudice, stating that the parties had negotiated the dismissal based on the condition that Cooper-Clark file any substantially similar suit in the District of Kansas and request assignment to Judge Broomes.  <u>See</u> Plaintiff's Unopposed Motion For Voluntary Dismissal Without Prejudice, <u>Cooper-Clark</u>, No. 23-1097 (D. Kan.) ECF Doc. 33.  That day, Judge Broomes granted Cooper-Clark's motion to dismiss on the following condition requested by the parties:

> It is further ordered that dismissal shall be on the following terms that this Court considers proper: In the event this suit or any suit substantially similar involving wells whose gas was moved over the Ulysses Gas Gathering System (UGGS) and formerly dedicated under the June 15, 1998 Amoco Gas Processing Agreement is refiled against Merit Energy Company, LLC by plaintiff Cooper-Clark Foundation, it shall be filed in the United States District Court for the District of Kansas and request assignment to the Honorable John W. Broomes, and plaintiff will not challenge the subject-matter jurisdiction of this Court.

<u>See</u> Order, <u>Cooper-Clark</u>, No. 23-1097 (D. Kan.) ECF Doc. 34.

On January 22, 2024, plaintiff, on behalf of a putative class of royalty owners in wells under leases subject to a class action settlement agreement, filed this suit against Merit, initially alleging breach of settlement agreement.  Class Action Complaint (Doc. #1).  The court assigned the case to the Honorable Daniel D. Crabtree.  On February 14, 2024, plaintiff amended his complaint to allege a single claim for breach of lease on behalf of a presumably broader putative class consisting of "[a]ll royalty owners in Kansas wells where [Merit] was the operator (or a working interest owner who marketed its share of gas and directly paid royalties to the royalty owners) from May 1, 2014 to the date Class Notice is given."  Amended Complaint (Doc. #3) at 3, 5.  On February 15, 2024, the Court reassigned the case from Judge Crabtree to the undersigned judge.  Order Reassigning Case (Doc. #4).  On March 5, 2024, Merit filed a motion to transfer the case to Judge Broomes, the judge assigned to Fink I.  See Motion To Transfer To First-Filed Judge (Doc. #8).

## Analysis

Defendant asks the Court to reassign the case to Judge Broomes pursuant to D. Kan. Rule 40.1 and the first-filed rule.  Defendant argues that transfer to Judge Broomes is appropriate because (1) by amending his complaint in this case to include a claim and class definition identical to those alleged in Fink I, which he voluntarily dismissed, plaintiff's conduct constitutes "judge shopping," (2) the claim and parties involved in this suit and Fink I, which was assigned to Judge Broomes, substantially overlap and the first-filed rule therefore favors transfer and (3) in Cooper-Clark, a substantially similar case brought by plaintiff's counsel, Judge Broomes granted Cooper-Clark's motion for voluntary dismissal on the condition that if Cooper-Clark later filed a "substantially similar suit" against Merit, it must request reassignment to Judge Broomes.  See Order, Cooper-Clark, No. 23-1097 (D. Kan.) ECF Doc. 34.

Plaintiff objects to Merit's proposed transfer and asserts that (1) the undersigned is better acquainted with the issues in this case because she is currently assigned to another case involving underpayment of gas royalties,[2] and previously presided over <u>Freebird Inc. v. Merit Energy Co.</u>, No. 10-1154 (D. Kan. May 18, 2010), a case involving similar issues,[3] and (2) Merit has not established that plaintiff has engaged in judge-shopping and the interest of justice and the integrity of this District's random judicial selection process therefore favors the undersigned's assignment to this case.

As noted, Local Rule 40.1 permits a judge to transfer a case to another judge in the District "[i]n the interest of justice or to further the efficient disposition of the business of the court."  D. Kan. Rule 40.1.  Pursuant to the first-filed rule, which is designed to further judicial economy, the first judge to whom a substantially overlapping case is assigned to has priority to consider the case.  To determine if the first-filed rule applies here, the Court considers (1) the chronology of the actions, (2) the similarity of the parties involved and (3) the similarity of the issues at stake.  <u>Ad Astra Recovery Servs.</u>, 2019 WL 917018, at *2.

First, the parties do not dispute that plaintiff filed an earlier action which touched on similar issues (<u>Fink I</u>), and defendant removed that case to this District.  Second, the two cases involve substantially the same parties.  Fink brought both cases against Merit and the <u>Amended Complaint</u>

---

[2]    <u>Cherry Rider Family Trust, et al. v. OXY USA, Inc., et al.</u>, No. 23-1274 (D. Kan.), currently before the undersigned, involves a plaintiff class of mineral and gas interest holders in Kansas who allege that OXY USA, Inc. and Merit have underpaid royalty payments in breach of a settlement agreement.  <u>See</u> Class Action Complaint, <u>Cherry Rider Family Trust, et al. v. OXY USA, Inc., et al.</u>, No. 23-1274 (D. Kan.) ECF Doc. 1.

[3]    For substantially the reasons stated in <u>Merit's Reply To Plaintiff's Response To Merit's Motion To Transfer To First-Filed Judge</u> (Doc. #18) filed April 9, 2024 at 2–3, the Court is not persuaded that keeping this case with the undersigned judge would achieve any judicial economy.

(Doc. #3) seeks a putative class which is substantially similar to the defined class in <u>Fink I</u>.[4]  Third, both cases raise substantially similar issues.  While plaintiff correctly notes that his initial complaint in this case raised an "entirely distinct" claim from that raised in <u>Fink I</u>, his amended complaint raises the same single claim as in <u>Fink I</u>—breach of lease.  <u>Compare</u> <u>Amended Complaint</u> (Doc. #3) <u>with</u> Class Action Petition, <u>Fink I</u>, No. 23-1088 (D. Kan.) ECF Doc. 1-1.  Further, both complaints allege that Merit breached implied covenants to market in the parties' leases by underpaying gas royalties.  The three factors supporting application of the first-filed rule are therefore met.

Because the first-filed rule applies, the Court in its discretion finds that transfer to Judge Broomes is appropriate.[5]  The Court therefore sustains defendant's motion to transfer.  Given its conclusion that the first-filed rule applies, the Court does not reach Merit's accusations that plaintiff has engaged in "judge shopping" in this District and other districts.  While the Court strongly condemns attempts to circumvent the District's judicial assignment process and has the

---

[4]     In this case, plaintiff defines the class as "[a]ll royalty owners in Kansas wells where Merit Energy Company, LLC was the operator . . . from May 1, 2014 to the date Class Notice is given."  <u>Amended Complaint</u> (Doc. #3) at 3.  In <u>Fink I</u>, plaintiff similarly defined the class as "[a]ll persons who were royalty owners in Kansas wells from May 1, 2014, to the date Class Notice is given, where [Merit] was the operator . . . and whose gas was originally dedicated under the September 1, 2003 Regency Gathering and Processing Agreement."  Class Action Petition, <u>Fink I</u>, No. 23-1088 (D. Kan.) ECF Doc. 1-1 at 4.

Merit argues that the putative class that plaintiff sought in this case "necessarily includes the class sought in <u>Fink I</u>."  <u>Motion To Transfer</u> (Doc. #8) at 3.  Regardless, the first-filed rule does not require that the two cases involve identical parties, but instead requires similarity or substantial overlap in identities.  Indeed, with regard to class actions, "[c]ourts have previously observed the first-to-file rule when the first-filed class is a subset of the second-filed class."  <u>Colton v. Contintental Res., Inc.</u>, No. 22-00208-EFM, 2022 WL 17486848, at *2 (E.D. Okla. Dec. 2, 2022) (citations omitted).

[5]     Consistent with Local Rule 40.1, the undersigned judge has received Chief Judge Eric F. Melgren's approval of the transfer.  Judge Broomes has also consented to the transfer.

authority "to act to preserve the integrity and control of its docket," the fact that plaintiff voluntarily dismissed another action in this District does not sufficiently raise an inference that he intentionally engaged in judge shopping. Murray v. Sevier, No. 92-1073-K, 1992 WL 75212, at *1 (D. Kan. Mar. 13, 1992) (citing Span–Eng Associates v. Weidner, 771 F.2d 464, 470 (10th Cir. 1985)); see Union Gas Sys., Inc. v. E. Cent. Gas & Pipeline Corp., No. CIV. A. 88-2565-O, 1989 WL 45373, at *1 (D. Kan. Apr. 12, 1989) (voluntary dismissal of another action does not on its own raise inference that plaintiff was motivated to judge shop).

**IT IS THEREFORE ORDERED** that Merit's Motion To Transfer To First-Filed Judge (Doc. #8) filed March 5, 2024 is **SUSTAINED.  The Court directs the Clerk to reassign this case to Judge John W. Broomes for further proceedings.**

Dated this 29th day of April, 2024 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-7-